UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EMILE AND GWENDOLYN SMITH** **ON BEHALF OF THEIR DECEASED** **SON, DARVEL SMITH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-1189** |
| **LOUISIANA STATE POLICE,** **COLONEL HENRY L. WHITEHORN,** **TROOPER DEWEY, UNKNOWN** **POLICE OFFICER AND** **TASER INTERNATIONAL, INC.** | **SECTION: "C" (1)** |

**ORDER AND REASONS**

Before the Court is a Motion for Summary Judgment filed by Defendant, Taser International, Inc. ("Taser") (Rec. Doc. 23). Plaintiffs, Emile and Gwendolyn Smith ("Plaintiffs") have not filed an opposition to the motion. The motion is before the Court on the briefs, without oral argument. Having considered the memoranda of counsel, the record, and the applicable law, the Court finds that there is not a genuine issue of material fact regarding whether Taser is liable to Plaintiffs. Accordingly, Taser's Motion for Summary Judgment is hereby **GRANTED**.

**I. BACKGROUND**

On February 13, 2006, Plaintiffs' son, Darvel Smith ("Smith"), became ill in a French Quarter bar and an ambulance was summoned. (Rec. Doc. 23, Statement of Uncontested

Material Facts, ¶ 2-5). While the paramedics were examining Smith, he pulled out a knife and started waiving it violently. (*Id.* at ¶ 5). The paramedics called for police assistance. (*Id.*). The police arrived and a struggle between the officers and Smith ensued. (*Id.* at ¶ 7-10). During the altercation, Smith was stunned with a TASER X 26 by a Louisiana State Police Officer. (*Id.*at ¶ 12). Smith ceased resisting and allowed the police to handcuff him. (*Id.* at ¶ 13). Then, Smith went into cardiac arrest; he was taken by ambulance to Touro Hospital, and was pronounced dead at 2:31 a.m. (*Id.* at ¶ 14-16). Subsequent to Smith's death, Plaintiffs brought a wrongful death action against Defendants, the Louisiana State Police, Colonel Henry L. Whitehorn, Trooper Dewey, an Unknown Police Officer, and Taser. (Rec. Doc. 1, Notice of Removal). Plaintiffs seek damages for constitutional rights violations, assault and battery, negligence, intentional infliction of emotional distress, fraudulent misrepresentation, negligent misrepresentation, loss of filial consortium, and products liability; including: negligent failure to warn, negligent design, assembly, or distribution, strict liability for manufacturing and design defects, as well as breaches of express and implied warranty. (*Id.*).

According to the affidavit of Dr. Samantha Huber, a pathologist for the Orleans Parish Coroner's Office, "Darvel Smith died as a result of excited delirium and the presence of cocaine in his system." (Rec. Doc. 23, Exhibit A, Affidavit of Dr. Samantha Huber, p. 2). Additionally, Dr. Huber's affidavit states, "the TASER X26 used by the Louisiana State Police did not cause or contribute to Mr. Darvel Smith's death." *Id.*

## II. STANDARD OF REVIEW

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56. A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 247-48 (1986); *see also, Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.,* 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-73 (1990); *Donaghey v. Ocean Drilling & Exploration Co.,* 974 F.2d 646, 649 (5th Cir. 1992).

### III. ANALYSIS

In the case at bar, Taser asserts that it is only liable for "damage[s] caused by their product" under Louisiana's Products Liability Act. (La. R.S. § 9:2800.52).[1] Here, Taser argues

---

[1] Note, La. R.S. § 9:2800.54 states, "The manufacturer of a product shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of

3

that Plaintiffs' claims against Taser cannot be supported because Plaintiffs cannot prove that the TASER stun administered by Trooper Dewey caused or contributed to Smith's death. Taser also claims that no medical study has ever proven that a TASER touch stun is capable of causing ventricular fibrillation. Finally, Taser presents the affidavit of Dr. Samantha Huber, the pathologist who performed Smith's autopsy. Dr. Huber's affidavit plainly states, "the TASER X26 used by the Louisiana State Police did not cause or contribute to Mr. Darvel Smith's death." (Rec. Doc. 23, Exhibit A, Affidavit of Dr. Samantha Huber, p. 2). Accordingly, Taser argues that Plaintiffs are precluded from seeking any claims against them for the death of Darvel Smith.

Under Louisiana law, "[t]he manufacturer of a product shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant or another person or entity." (La. R.S. § 9:2800.54 ).

In its motion, Taser has presented evidence to demonstrate the absence of a genuine issue of material fact, and that it is entitled to judgment as a matter of law. In this case, the Statement of Uncontested Facts shows that a single "touch stun" was applied to Smith's back; and, the Pathologist's report indicates that the TASER stun neither caused, nor contributed to his death. Furthermore, Plaintiffs have not opposed Taser's motion. Thus, summary judgment is appropriate. The TASER stun did not contribute to Smith's death.

## IV. CONCLUSION

For the reasons stated above,

---

the product by the claimant or another person or entity."

4

IT IS ORDERED that Taser's Motion for Summary Judgment is **GRANTED**.

New Orleans, Louisiana this 1st day of October 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE