UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EMILE AND GWENDOLYN SMITH**  **ON BEHALF OF THEIR DECEASED**  **SON, DARVEL SMITH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-1189** |
| **LOUISIANA STATE POLICE,**  **COLONEL HENRY L. WHITEHORN,**  **TROOPER DEWEY, UNKNOWN**  **POLICE OFFICER AND**  **TASER INTERNATIONAL, INC.** | **SECTION: "C" (1)** |

**ORDER AND REASONS**

Before the Court is a Motion for Summary Judgment filed by Defendants, State of Louisiana, Colonel Henry L. Whitehorn, and Trooper Dewey ("Defendants") (Rec. Doc. 29). In addition, the Plaintiffs, Emile and Gwendolyn Smith ("Plaintiffs") filed a Motion to Continue Pursuant to Rule 56(f) (Rec. Doc. 40). The motions are before the Court on the briefs, without oral argument. Having considered the memoranda of counsel, the record and the applicable law, the Court determines these issues as follows.

**I. BACKGROUND**

On February 13, 2006, Plaintiffs' son, Darvel Smith ("Smith"), became ill in a French Quarter bar and an ambulance was summoned shortly after midnight. Rec. Doc. 29, Statement

of Uncontested Material Facts, ¶ 2-5.  While the paramedics were examining Smith, he pulled out a knife and started waiving it violently.  *Id.* at ¶ 5.  The paramedics called for police assistance.  *Id*. ¶ 6.  The police arrived and a struggle between the officers and Smith ensued.  *Id.* at ¶ 7-10.  During the altercation, Smith was stunned with a TASER X26 by a Louisiana State Police Officer.  *Id.*at ¶ 11.  The Officer applied the Taser to Smith's back, between his shoulder blades.  *Id.*  Smith ceased his resistance and allowed the police to handcuff him.  *Id*. at ¶ 12.  Then, Smith went into cardiac arrest; he was taken by ambulance to Touro Hospital, and was pronounced dead at 2:31 a.m.  *Id.* at ¶ 13-14.

Subsequent to Smith's death, Plaintiffs brought a wrongful death action against Defendants, the Louisiana State Police, Colonel Henry L. Whitehorn, Trooper Dewey, an Unknown Police Officer, and Taser.  Plaintiffs seek damages for constitutional rights violations, assault and battery, negligence, intentional infliction of emotional distress, fraudulent misrepresentation, negligent misrepresentation, loss of filial consortium, and products liability; including: negligent failure to warn, negligent design, assembly, or distribution, strict liability for manufacturing and design defects, as well as breaches of express and implied warranty.

According to the affidavit of Dr. Samantha Huber, a pathologist for the Orleans Parish Coroner's Office, "Darvel Smith died as a result of excited delirium and the presence of cocaine in his system." (Rec. Doc. 23, Exhibit A, Affidavit of Dr. Samantha Huber, p. 2).  Additionally, Dr. Huber's affidavit states, "the TASER X26 used by the Louisiana State Police did not cause or contribute to Mr. Darvel Smith's death."  *Id.*  Based on Dr. Huber's affidavit, Taser filed a Motion for Summary Judgment.  Rec. Doc. 23.  The Plaintiffs did not oppose Taser's Motion for Summary Judgment.  This Court granted Taser's Motion for Summary Judgment, noting that

there was no genuine issue of material fact regarding Taser's liability because the evidence indicated that the Taser stun did not contribute to Smith's death. Rec. Doc. 28.

In the Motion for Summary Judgment currently under review, the remaining Defendants seek dismissal of all claims. Rec. Doc. 29. The Defendants argue: (1) Trooper Dewey's use of the Taser did not cause or contribute to Smith's death; (2) Trooper Dewey's actions were neither excessive nor unreasonable under the circumstances; and (3) because Trooper Dewey's actions were reasonable, no fault can lie against Colonel Whitehorn or the State of Louisiana.

In opposition, the Plaintiffs assert that Taser's dismissal from the case is separate and distinct from the liability of the remaining Defendants. The Plaintiffs aver that Trooper Dewey's actions may have been objectively unreasonable, and thus, his actions may constitute excessive force. On that basis, the Plaintiffs argue that at least one material fact is in dispute. In addition, the Plaintiffs assert that the training provided to police officers is material to the determination of liability in all cases involving claims of excessive force.

Moreover, the Plaintiffs argue that the pending Motion for Summary Judgment is premature. The Plaintiffs have filed a Motion to Continue Pursuant to Rule 56(f), requesting that the Court delay ruling on the Motion for Summary Judgment until further discovery is obtained. The Plaintiffs note that no depositions have been conducted; indeed, in support of the Rule 56(f) motion, the Plaintiffs state that they have not had the opportunity to conduct depositions or cross-examine the Defendants on key positions in this matter. Regarding the Rule 56(f) motion, the Defendants argue that the Plaintiffs' delay in conducting depositions should not be grounds for a continuance of the underlying Summary Judgment Motion. Specifically, the Defendants state that the reason no depositions have been taken is that the Plaintiff has failed to make a

request to depose any witness.


## II. STANDARD OF REVIEW

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.  A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 247-48 (1986); *see also, Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001).  When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.,* 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).  In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-73 (1990); *Donaghey v. Ocean Drilling & Exploration Co.,* 974 F.2d 646, 649 (5th Cir. 1992).

When moving for a continuance under Federal Rule of Civil Procedure 56(f),[1] a party must present "specific facts explaining its inability to make a substantive response as required by Rule 56(e)." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir.1990)  In addition, the party requesting a Rule 56(f) continuance must specifically demonstrate "how postponement of a ruling on the [underlying summary judgment] motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Id.* (internal quotations omitted).  Thus, a party "may not simply rely on vague assertions that discovery will produce needed, but unspecified, facts, particularly when ample time and opportunities for discovery have already lapsed." *Id.*

## III. ANALYSIS

The Fifth Circuit has noted that Rule 56(f) motions are "broadly favored and should be liberally granted." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006) (citing *Int'l Shortstop, Inc. v. Rally's Inc*., 939 F.2d 1257, 1267 (5th Cir. 1991)).  In *Wichita Falls Office Associates*, the Fifth Circuit refined Rule 56(f) determinations into a four (4) part test. *Wichita Falls Office Associates v. Banc One Corp*., 978 F.2d 915, 919 (5th Cir. 1992).  The general requirements for a party to obtain a Rule 56(f) continuance are: "(1) requesting extended discovery prior to the court's ruling on summary judgment; (2) put the trial court on notice that further discovery pertaining to the summary judgment motion is being sought; and (3)

---

[1] Rule 56(f) provides: "Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." Fed.R.Civ.P. 56(f).

demonstrating to the trial court specifically how the requested discovery pertains to the pending motion." *Id.*  Fourth, the party must have diligently pursued discovery; Rule 56 does not aid those "who have occasioned their own predicament through sloth." *Id.*

In this matter, the Plaintiffs have satisfied the first three requirements.  First, the Court notes that the Motion for Summary Judgment was scheduled for hearing on March 5, 2008; the Plaintiffs filed their Rule 56(f) motion on March 4, 2008.  Thus, the Plaintiffs requested a discovery extension prior to the Court's ruling on the Summary Judgment Motion.  Second, the Plaintiffs' Rule 56(f) Motion put the Court on notice that they desire additional discovery in the form of depositions.  Third, the Plaintiffs state that deposing the Defendants will shed light on circumstances surrounding the incident; specifically, the Plaintiffs assert that the deposition testimony will shed light on whether Trooper Dewey was adequately trained, and whether his actions constituted excessive force.  Therefore, the deposition testimony pertains to the underlying Summary Judgment Motion.

The fourth and final requirement for a Rule 56(f) continuance is a closer question in this case. In this matter, the Plaintiffs are requesting time to conduct depositions because they "have not had an opportunity to conduct the full and fair discovery necessary to respond" to the Summary Judgment Motion.  Rec. Doc. 40, Exhibit 1, Affidavit of Randy G. McKee.  The Court notes that there is a difference between having an opportunity to conduct discovery and failing to take advantage of that opportunity.  This case has been on the Court's docket for more than one (1) year, yet the Plaintiffs have failed to request any depositions.  Indeed, the docket record reflects a pattern of tardiness by the Plaintiffs.  Not only have the Plaintiffs been the subject of a Motion to Compel for failing to respond to the Defendants discovery requests on time, they have

also failed to file their witness and exhibit lists within the period of time allowed by this Court's Scheduling Order. See Rec. Docs. 21, 27, 33, 34, 35 and 47.

In *Culwell*, the Fifth Circuit reversed a trial court's denial of a Rule 56(f) motion, finding that the party requesting the Rule 56(f) continuance was not as slothful as the party in *Baker*, even though the party's "diligence in pursuing discovery was not exemplary." *Culwell*, 468 F.3d at 872. In *Baker*, the plaintiff "filed no discovery requests until thirty-one days before the scheduled end of the discovery period." *Id.* In *Culwell* the plaintiff's document request had been filed two months before the end of the discovery period. *Id.* In this matter, the Plaintiffs propounded a discovery request in December 2007, and received responses in February 2008. Rec. Doc. 40, p. 2. However, there is no evidence that the Plaintiffs have initiated depositions; the Plaintiffs have merely stated that depositions are likely to reveal facts dispositive to the Summary Judgment Motion. The Plaintiffs' initial discovery request occurred approximately three months prior to the deadlines for filing dispositive motions and discovery as set forth in the Scheduling Order. Accordingly, the Court finds that the Plaintiffs' tardiness in this case is more akin to the lack of diligence illustrated by the plaintiff in *Culwell*, than the slothfulness shown by the plaintiff in *Baker*. The Court notes that "it would have been better for all concerned if [the] plaintiffs had acted more promptly in pursuing discovery." *Culwell*, 468 F.3d at 872. However, the lack of diligence in seeking depositions does not warrant denial "in light of [the] presumption in favor of granting rule 56(f) motions." *Id.*

## IV. CONCLUSION

For the reasons stated above,

IT IS ORDERED that the Motion for Summary Judgment is DISMISSED WITHOUT

PREJUDICE (Rec. Doc. 29).

IT IS FURTHER ORDERED that the Motion for Summary Judgment may be re-filed when the parties have completed the necessary discovery to proceed with the case.

IT IS FURTHER ORDERED that the Motion to Continue Pursuant to Fed.R.Civ.P. 56(f) is GRANTED (Rec. Doc. 40).

IT IS FURTHER ORDERED that a preliminary telephone conference will be held on April 18, 2008 at 10:00 a.m. to reset all dates and deadlines.  The court will initiate the telephone conference and will be represented by its case manager.  Additional continuances will be conditioned an a bona fide showing of good cause.

New Orleans, Louisiana this 19th day of March, 2008.

                                              HELEN G. BERRIGAN
                                              UNITED STATES DISTRICT COURT