UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EMILE AND GWENDOLYN SMITH ON BEHALF OF THEIR DECEASED SON, DARVEL SMITH | CIVIL ACTION |
| VERSUS | NO. 07-1189 |
| LOUISIANA STATE POLICE, COLONEL HENRY L. WHITEHORN, TROOPER DEWEY, UNKNOWN POLICE OFFICER AND TASER INTERNATIONAL, INC. | SECTION: "C" (1) |

### ORDER AND REASONS

Before the Court is a Motion for Summary Judgment filed by Defendants, State of Louisiana, Colonel Henry L. Whitehorn, and Trooper Dewey ("Defendants") (Rec. Doc. 56). Plaintiff has not filed an opposition. The motion is before the Court on defendants' brief, without oral argument. Having considered the defendants' memorandum, the lack of an objection by plaintiffs, the record and the applicable law, the Court GRANTS defendants' motion for the following reasons.

I.  BACKGROUND

On February 13, 2006, Plaintiffs' son, Darvel Smith ("Smith"), became ill in a French Quarter bar and an ambulance was summoned shortly after midnight. Rec. Doc. 56, Statement of Uncontested Material Facts, ¶ 2-4. While the paramedics were examining Smith, he pulled

out a knife and started waving it violently. *Id.* at ¶ 5. The police arrived and a struggle between the officers and Smith ensued. *Id.* at ¶ 7-10. According to the police report, Smith was stunned with a TASER X26 by Louisiana State Police OfficeR Dewey when Smith was lying face down on the ground. (Ex. A at 1.) The Officer applied the Taser to Smith's back, between his shoulder blades. *Id.* Smith ceased his resistance and was handcuffed. *Id.* Smith appeared non-responsive shortly thereafter, while still lying on the ground. *Id*. at 7. Smith went into cardiac arrest; he was taken by ambulance to Touro Hospital, and was pronounced dead at 2:31 a.m. Rec. Doc. 56, Statement of Uncontested Material Facts, ¶ 13-14.

Subsequent to Smith's death, Plaintiffs brought a wrongful death action against Defendants, the Louisiana State Police, Colonel Henry L. Whitehorn, Trooper Dewey, an Unknown Police Officer, and Taser. Plaintiffs seek damages for constitutional rights violations, assault and battery, negligence, intentional infliction of emotional distress, negligent misrepresentation, and loss of filial consortium.[1] In their motion for summary judgment, defendants argue that Dewey can not be held liable for excessive force in light of this Court's ruling that "the TASER stun did not contribute to Smith's death." (Rec. Doc. 28). In March 2008, this Court dismissed a similar motion for summary judgment by the defendants without prejudice to re-filing after the "parties [] completed the necessary discovery to proceed with the case." (Rec. Doc. 51). Eight months later, defendants have re-filed their motion and re-urge the same argument. In the Motion for Summary Judgment currently under review, the remaining Defendants seek dismissal of all claims. (Rec. Doc. 56.) The Defendants argue: (1) Dewey's

---

[1]The Court, in a previous Order, dismissed plaintiffs additional claims of fraudulent misrepresentation and products liability against TASER International. (Rec. Doc. 28).

use of the Taser did not cause or contribute to Smith's death; (2) Dewey's actions were neither excessive nor unreasonable under the circumstances; and (3) because Dewey's actions were reasonable, no fault can lie against Colonel Whitehorn or the State of Louisiana. Defendants also note that despite being granted a continuance by this Court, that plaintiffs have failed to conduct any meaningful discovery in the intervening eight months, except to schedule a single deposition for defendant Dewey. (Def. Mem., Rec. Doc. 56 at 5).

## II. STANDARD OF REVIEW

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 247-48 (1986); *see also, Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.,* 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). In order to satisfy its burden, the non-moving party must put forth

3

competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-73 (1990); *Donaghey v. Ocean Drilling & Exploration Co.,* 974 F.2d 646, 649 (5th Cir. 1992). Although the motion is unopposed, the Court will consider defendants' motion on the merits.[2] *John v. La. (Bd. of Trustees for State Colleges & Universities)*, 757 F.2d 698, 708-709 (5th Cir.1985)(noting "[t]he movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed.").

## III. ANALYSIS

First, defendants argue that this Court's previous Order stating that the "TASER stun did not contribute to Smith's death" negates a key element of §1983 liability. To allege excessive force, "a plaintiff must allege (1) an injury, which (2) resulted directly and only from the use of force that was clearly excessive to the need; and the excessiveness of which was (3) objectively unreasonable." *U.S. v. Brugman*, 364 F.3d 613, 616 (5th Cir. 2004)(internal quotation marks omitted). Defendants argue that the Court's previous Order negates the second element of §1983 liability and therefore as a matter of law, defendant Dewey can not be held liable. The plaintiffs' petition focuses almost exclusively on the excessiveness of the use of the TASER stun gun, which they claim led to Mr. Smith's death.[3] Plaintiffs are unable to prove that the excessive use

---

[2] The Court is disturbed by the lack of an opposition to this motion for summary judgment. In a previous motion for summary judgment, prior counsel similarly failed to file any opposition.

[3] While plaintiffs did allege in the state court petition that an unknown police officer used excessive force with his baton, plaintiffs have failed to provide any evidence or argument concerning these allegations. Moreover, the pathologist's examination of the body failed to

4

of the TASER resulted in Mr. Smith's death, given this Court's previous finding that the TASER did not contribute to Mr. Smith's death.

In addition, it is not clear that the officer's actions were "objectively unreasonable." As the defendants' note, whether or not a police officer's actions in an excessive force case may be considered reasonable requires consideration of "the known character of the arrestee, the risks and dangers faced by the officers, the nature of the offense involved, the chance of the arrestee's escape if the particular means are not employed, the existence of alternative methods of arrest, the physical size, strength, and weaponry of the officers as compared to the arrestee, and the exigencies of the moment." *Kyle v. City of New Orleans,* 353 So.2d 969, 973 (La. 1977). The record reflects that Mr. Smith admitted using cocaine that evening. (Rec. Doc. 56, Ex. A). The paramedics stated that Mr. Smith was hallucinating and became physically violent. *Id.* There is some evidence that even at the time of the use of the TASER, Mr. Smith was still combative. *Id.*

## IV. CONCLUSION

For the reasons stated above,

IT IS ORDERED that the Motion for Summary Judgment is GRANTED (Rec. Doc. 56).

New Orleans, Louisiana this 13th day of February, 2009.

HELEN G. BERRIGAN
UNITED STATES DISTRICT COURT

---

reveal any evidence supporting use of a baton on Mr. Smith.